UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BUILDING TRADES UNITED
  PENSION TRUST FUND, et. al.,
    Plaintiffs,

    v.           Case No. 08-C-896

DJ'S LAWN SPRINKLERS &
  PLUMBING SERVICE LLC,
    Defendant.

## DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

  The plaintiffs in this action brought suit on October 22, 2008 under the Employee Retirement Income Security Act of 1974 ("ERISA"), to recover funds the defendant allegedly failed to pay in accordance with various labor agreements. (Docket No. 1.) On November 12, 2008, the defendant answered the complaint. (Docket No. 5.)

  Following a period for discovery, on November 23, 2009, the plaintiffs file a motion for summary judgment. (Docket No. 27.) On December 1, 2009, counsel for the defendant submitted a letter wherein he stated that the defendant company had been dissolved and he has been advised to not perform any further legal work with respect to this suit. (Docket No. 36.) On December 18, 2009, the plaintiffs replied. The pleadings on the plaintiffs' motion for summary judgment are closed and the matter is ready for resolution. All parties have previously consented to the full jurisdiction of a magistrate judge.

  Although the plaintiffs' motion for summary judgment is unopposed, the court must still review the motion to ensure that summary judgment in favor of the plaintiffs is appropriate. A motion for summary judgment will be granted when there are no genuine issues as to material fact

and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). As provided under Rule 56(c), only "genuine" issues of "material" fact will defeat an otherwise "proper" motion for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Material facts are those facts which, under the governing substantive law, might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute of such material facts is "genuine" if the evidence is such that a reasonable trier of fact could find in favor of the nonmoving party. Id.

The movant bears the burden to establish that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970); see also Celotex Corp., 477 U.S. at 323. The moving party satisfies its burden by demonstrating "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp., 477 U.S. at 325. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. Anderson, 477 U.S. at 255; Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988); Spring v. Sheboygan Area School Dist., 865 F.2d 883, 886 (7th Cir. 1989). Further, "on summary judgment, a court can neither make a credibility determination nor choose between competing interests." Sarsha v. Sears, Roebuck & Co., 3 F.3d 1035, 1041 (7th Cir. 1993).

The following relevant proposed findings of fact submitted by the plaintiffs are undisputed:

3. The Building Trades United Pension Trust Fund, Plumbers Local 75 Health Fund, Plumbers Local 75 Market Recovery Fund, Plumbers Local 75 Apprenticeship Training Fund, Plumbers Local 75 Industry Advancement Fund (hereinafter collectively as the "Funds") are multi-employer employee benefit plans within the meaning of ERISA §§3(1), (2) (3) and (37), 502 and 515 (29 U.S.C. §1002(1), (2), (3) and (37), 1132 and 1145). (Complaint ¶¶ 3 and 5; Answer ¶¶ 3 and 5).

4. Plaintiff, Nacarci Feaster is a trustee and fiduciary of the Building Trades United Pension Trust Fund, as well as a participant and beneficiary within the meaning of ERISA. (Complaint ¶4; Answer to Complaint ¶4).

5. Plaintiff, Steve Breitlow is a trustee and fiduciary of the Plumbers Union Local 75 Health Fund, as well as a participant and beneficiary within the meaning of ERISA. (Complaint ¶6; Answer to Complaint ¶6).

2

6. Defendant DJ's Lawn Sprinklers & Plumbing Service, LLC ("DJ's"), is a limited liability corporation [sic], organized under the laws of Wisconsin, engaged in business with principal offices located at 5530 West Forest Home Avenue, Greenfield, Wisconsin. (Complaint ¶ 7; Answer to Amended Complaint ¶7).

7. The Plaintiff Funds are jointly administered and governed by Boards of Trustees ("Trustees") consisting of an equal number of union and employer appointees as provided in section 302(c)(5) of the LMRA (29 U.S.C. §186(c)(5)). (Baranowski Affid. ¶4; Hoppe Affid. ¶4).

8. DJ's was and is a signatory a collective bargaining agreement between itself and the Plumbing and Mechanical Contractors Association of Milwaukee and Southeastern Wisconsin and the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, Local Union No. 75, signed on May 3, 2000, which binds the company to the terms of the agreement. (Complaint ¶9; Baranowski Affid. ¶8; Exhs. C and D; Hoppe Affid. ¶ 8, Exhs. C and D; Breitlow Affid. ¶5, Exhs. A - D).

9. The Union sends its signatory employers notices of annual adjustment to wages and fringe benefit fund contribution rates (Breitlow Affid. ¶7, Exhs. E - G).

10. By virtue of signing the Agreement, DJ's adopted the trust agreements and amendments thereof for the Plaintiff Funds. (Baranowski Affid. ¶8, Exhs. A, C and D; Hoppe Affid. ¶8, Exhs. A, C and D).

11. The Agreement requires hourly contributions to be made to the Funds. (Baranowski Affid. ¶9, Exh. D; Hoppe Affid. ¶9, Exh. D).

12. If contributions are not paid timely, liquidated damages and interest are assessed as set by the Trustees of the Funds. (Baranowski Affid. ¶10, Exh.E; Hoppe Affid. ¶10, Exh.E).

13. Liquidated damages for each Fund have been set by the respective collective bargaining agreement at twenty percent (20%) of the unpaid contributions. (Baranowski Affid. ¶10, Ex. E; Hoppe Affid. ¶10, Exh. E). This is identical to the rate set by Congress (ERISA §502(g)(2); 29 U.S.C. §1132(g)(2)).

14. The Plaintiff Funds have set interest to be applied at a rate of one and one-half percent (1-1/2%) per month. (Baranowski Affid. ¶10, Ex. E; Hoppe Affid. ¶10, Exh E). This is also identical to the rate allowed by Congress (ERISA '502(g)(2); 29 U.S.C. '1132(g)(2)).

15. DJ's has failed to perform its obligations pursuant to the terms and conditions of the collective bargaining and trust agreements by failing to make continuing and timely contributions to the Funds. (Complaint ¶14; Baranowski Affid. ¶¶6 and 7, Exhs.B and D; Hoppe Affid. ¶¶6 and 7, Exhs. B and D).

16. Pursuant to the Agreement and the Funds' policies, DJ's books and records were examined on February 25, 2008 and August 11, 2008 by Cindy Lade-Paquin. (Lade Affid. ¶5, Exh. A).

17. The audit discovered a delinquency. (Lade Affid. ¶¶5 and 6, Exh. A).

18. The audited delinquencies were based on DJ's own books and records and were agreed upon by the contribution rates determined by the Funds' Trustees. (Lade Affid. ¶¶5 and 6).

19. DJ's has failed to remit 104 hours in contributions owed to the Funds for work covered under the Agreement by Mike Farris during the work month of August 2007. (Ahrens Affid. ¶¶ 3 and 4, Exh. B).

20. DJ's has failed to remit 647.75 hours in contributions to the Funds for work covered under the Agreement by Bradley Sivak during the work month of February through July 2008. (Ahrens Affid. ¶¶3 and 4, Exh. B).

21. Since the filing of the Complaint, no payments have been made toward the delinquency and all contributions, interest and liquidated damages are still due and owing for the audit billing periods in question. (Baranowski Affid.¶11; Hoppe Affid.¶11).

22. As a result of DJ's failure to submit contributions on a timely basis, interest and liquidated damages have been assessed by the Plaintiff Funds. (Baranowski Affid. ¶10, Hoppe Affid. ¶10).

23. The total delinquency owed by DJ's for the aggregate time period through July 31, 2008 in delinquent contributions, liquidated damages and interest, is as follows:

| | |
|---|---:|
| Building Trades Pension Trust Fund. | $4,845.42 |
| Plumbers Local 75 Health Fund | 4,992.20 |
| Plumbers Local 75 Market Recovery Fund | 73.32 |
| Plumbers Local 75 Apprenticeship Training Fund | 447.36 |
| Plumbers Local 75 Industry Advancement Fund | 162.24 |

(Complaint ¶17; Baranowski Affid. ¶7; Hoppe Affid. ¶7).

(Docket No. 29.)

In reply, the plaintiffs submitted the following additional proposed findings of fact, which again are undisputed:

1. Pursuant to the Agreement and the Funds=[sic] policies, DJ's books and records were examined on December 7, 2009 by Cindy Lade-Paquin. (Second Lade Affid. ¶3, Exh. 1).

4

2. The audit on December 7, 2009, discovered a delinquency. (Second Lade Affid. ¶4, Exh. 1).

3. DJ's has failed to remit 669.75 hours in contributions owed to the Funds for work covered under the Agreement by Bradley Sivak during the work months of August 2008 through January 2009. (Second Ahrens Affid. ¶4, Exh. 1).

4. Since the filing of the Complaint, no payments have been made toward the delinquency and all contributions, interest and liquidated damages are still due and owing for the audit billing periods in question. (Baranowski Affid.¶11; Hoppe Affid. &[sic]11).

5. As a result of DJ's failure to submit contributions on a timely basis, interest and liquidated damages have been assessed by the Plaintiff Funds. (Baranowski Affid. ¶10, Hoppe Affid. ¶10).

6. The total delinquency owed by DJ's for the aggregate time period through September 30, 2009 in delinquent contributions, liquidated damages and interest, is as follows:

| | |
|---|---|
| Building Trades Pension Trust Fund. | $10,515.47 |
| Plumbers Local 75 Health Fund | 11,363.86 |
| Plumbers Local 75 Market Recovery Fund | 165.70 |
| Plumbers Local 75 Apprenticeship Training Fund | 1,149.18 |
| Plumbers Local 75 Industry Advancement Fund | 337.72 |

(Second Ahrens Affid. ¶7).

(Docket No. 40.)

The undisputed facts demonstrate that the defendant was obligated by way of collective bargaining agreement to make certain contributions to the plaintiff plans on behalf of the plaintiffs' union members and it failed to do so, contrary to 29 U.S.C. § 1145. There is no dispute as to the amount of the defendant's delinquent contributions, liquidated damages, and interest. Therefore, in accordance with 29 U.S.C. § 1132(g)(2), the Clerk shall enter judgment in favor of the plaintiffs and against the defendant as follows:

| | |
|---|---|
| Building Trades Pension Trust Fund. | $10,515.47 |
| Plumbers Local 75 Health Fund | 11,363.86 |
| Plumbers Local 75 Market Recovery Fund | 165.70 |
| Plumbers Local 75 Apprenticeship Training Fund | 1,149.18 |
| Plumbers Local 75 Industry Advancement Fund | 337.72 |

Further, the plaintiffs are entitled to recover reasonable attorney's fees. 29 U.S.C. § 1132(g)(2)(D). However, prior to awarding any attorneys' fees or costs, the court finds it necessary to obtain some clarification as to the billing records provided by the plaintiffs. It appears that many of the statements of fees and costs are duplicative. For example, many of the costs listed on Docket Number 39-2 at 1 are listed again on Docket Number 39-2 at 9. Similarly, there are two separate sets of attorney billing records submitted and those provided on pages 2 through 8 of Docket Number 39-2 are largely duplicative of those provided at pages 10 through 16 of Docket Number 39-2. The records are not entirely identical but there is much overlap.

Perhaps there is a legitimate explanation for the seemingly duplicative costs. For example, the court notes that the filing fee in this matter is listed at both page 1 and 9 of Docket Number 39-2. Although this cost is listed twice, each time it is listed at only $175.00, which is half of the actual filing fee. Thus, if the court were to award payment of both statements, at least with respect to this expense, there would not be a double recovery. So, is counsel, for some reason, splitting its costs and fees across two different billing statements and thus the seemingly duplicative billing statements would not actually result in a double recovery? The answer is not found in the affidavit submitted in support of the billing records. Because the court finds that evidence insufficient for the court to determine if the claimed attorneys' fees were reasonable, the court cannot grant this portion of the plaintiffs' motion at this time. Therefore, the court shall permit the plaintiffs **14 days** in which to submit a motion for costs and attorneys' fees wherein the court's concerns are addressed.

**IT IS THEREFORE ORDERED** that the plaintiffs' motion for summary judgment, (Docket No. 27), is **granted**. The Clerk shall enter judgment in favor of the plaintiffs and against defendant DJ's Lawn Sprinklers & Plumbing Service LLC as follows:

> In favor of plaintiff Building Trades Pension Trust Fund and against defendant DJ's Lawn Sprinklers & Plumbing Service LLC in the amount of $10,515.47.

6

In favor of plaintiff Plumbers Local 75 Health Fund and against defendant DJ's Lawn Sprinklers & Plumbing Service LLC in the amount of $11,363.86.

In favor of plaintiff Plumbers Local 75 Market Recovery Fund and against defendant DJ's Lawn Sprinklers & Plumbing Service LLC in the amount of $165.70.

In favor of plaintiff Plumbers Local 75 Apprenticeship Training Fund and against defendant DJ's Lawn Sprinklers & Plumbing Service LLC in the amount of $1,149.18.

In favor of plaintiff Plumbers Local 75 Industry Advancement Fund and against defendant DJ's Lawn Sprinklers & Plumbing Service LLC in the amount of $337.72.

**IT IS FURTHER ORDERED** that with **14 days** of the date of this order, the plaintiffs shall submit a motion for costs and attorneys fees.

Dated at Milwaukee, Wisconsin this 13th day of January 2010.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge